**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**EDDIE POINDEXTER** **PLAINTIFF**
**ADC #121353**

**V.** **NO. 2:26-cv-00156-JM-ERE**

**B. DAVIS, *et al.*** **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I. Procedure for Filing Objections

This Recommended Disposition ("RD") has been sent to United States District Judge James M. Moody Jr. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections must be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

### II. Introduction

*Pro se* plaintiff Eddie A. Poindexter, an Arkansas Division of Correction ("ADC") inmate incarcerated at the East Arkansas Maximum Unit ("EAMU"), filed this 42 U.S.C. § 1983 case. *Doc. 1*. Mr. Poindexter's complaint alleges that Assistant Warden B. Davis, Classification Officer Hughes, Major Haynes, and Warden S. Ricketts have violated his due process and Eighth Amendment rights by failing to transfer him to another ADC facility. He explains that, although he has told these

Defendants that other inmates have threatened him, they have denied his transfer request.

As explained below, Mr. Poindexter's complaint should be dismissed on screening[1] because it is clear from the face of his pleading that he failed to exhaust his administrative remedies before filing this action.

## III. **Discussion**

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted *before* filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"). As a result, the PLRA required Mr. Poindexter to satisfy the ADC's requirements for

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

raising and administratively exhausting his unconstitutional conditions of confinement claim against Defendants before bringing this action.[2]

While failure to exhaust is an affirmative defense that “inmates are not required to specially plead or demonstrate” in their complaints, a court may dismiss a prisoner’s § 1983 complaint when it is apparent from the face of the complaint that the proposed claim has not been exhausted. See *Jones v. Bock*, 549 U.S. 199, 215-16 (2007) (an affirmative defense can be a ground for a dismissal for failure to state a claim when the allegations in the complaint sufficiently establish that ground); *Anderson v. XYZ Corr. Health Services, Inc.*, 407 F.3d 674, 682-83 (4th Cir. 2005) (dismissal for failure to exhaust inappropriate unless the failure is apparent on face of complaint); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (“Under *Jones*, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.”)

Mr. Poindexter, on his form § 1983 complaint, checked “Yes” in response to whether he filed a grievance regarding the facts alleged in the complaint. *Doc. 2 at 3*. However, Mr. Poindexter also explained that “grievances are pending” in response

[2] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate’s subjective belief about the futility of the exhaustion process or her misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

to whether he had completely exhausted his grievance by appealing to all levels within the grievance procedure. *Id*. Mr. Poindexter also clarified "This grievance process is pending I have filed them." *Id. at 4*.

Based on the face of Mr. Poindexter's complaint, it is clear that he failed to attempt to fully exhaust his administrative remedies regarding his claims *before* filing this lawsuit.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Poindexter's complaint be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies before filing this lawsuit.

2. The Clerk be instructed to close this case.

Dated 8 October 2026.

UNITED STATES MAGISTRATE JUDGE